UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

GREGG BARBAGALLO,
an individual,
       Plaintiff,

vs.

THE GUARDIAN LIFE INSURANCE
COMPANY of AMERICA
a corporation,

       Defendant.
_____/

## COMPLAINT

The Plaintiff, GREGG BARBAGALLO, ("Plaintiff" and/or "Mr. Barbagallo") by and through her undersigned attorneys, brings this action for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA") committed by the Defendant, THE GUARDIAN LIFE INSURANCE COMPANY of AMERICA, ("Defendant" and/or "GUARDIAN"), relating to the provision of ERISA-governed disability benefits under the Trustees of the Finance, Insurance and Real Estate Industry Insurance Trust Fund Welfare Benefit Plan ("the Plan") sponsored by Plaintiff's former employer, Joseph Stevens & Company, Inc ("JS&C"). In support of the relief requested herein, Plaintiff alleges the following upon personal knowledge as to himself and as to all other matters upon information and belief based upon, *inter alia,* the investigation made by his attorneys:

### Introductory Statement

1. This is a civil action for legal and equitable relief seeking redress of violations of ERISA. This suit is brought pursuant to 29 U.S.C. § 1132(a), to secure disability benefits

due to Plaintiff through an ERISA welfare benefits plan sponsored by JS&C and insured through a group insurance policy issued by GUARDIAN insuring the Plan.

2. MR. BARBAGALLO seeks any and all benefits to which he may be entitled should this Court determine he is "disabled" under the terms of the Plan. Such benefits include all other available long-term disability benefits, waiver of premium benefits under disability, life accidental death and dismemberment or accident policies issued or administered by Guardian; and any and all benefits available through the Plan, including those managed, administered or underwritten by Guardian.

3. MR. BARBAGALLO seeks benefits based on the conditions documented in his medical records and other information before GUARDIAN. MR. BARBAGALLO's disabling physical conditions include extensive degenerative disc disease, including, cervical radiculopathy, cervical myofascial pain, lumbar radiculopathy, lumbar myofascial pain, right hip myofascial pain, and left hip myofascial pain, resulting in chronic, debilitating back pain, neck pain, arm and shoulder pain, hip pain, leg pain, and hand pain, and limitations in his ability to sit, stand, walk, write, and type, for prolonged periods of time, and impairments in cognition.

4. MR. BARBAGALLO was and remains completely unable to perform the major duties of his regular occupation on a full-time basis since in or about 2022, through and including the present.

**Jurisdiction, Venue & Parties**

5. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and specifically 29 U.S.C. §1132(e). §1132(e) confers jurisdiction upon the district courts of the United States

where, as here, Plaintiff's claims relate to an "employee welfare benefit plan" and/or an "employee pension plan" as those terms are defined within 29 U.S.C. § 1001, *et seq.* The Plan "may be found" within this judicial District.

6. Venue is proper pursuant to 28 U.S.C. §1391 and specifically 29 U.S.C. §1132(e)(2), because an action may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found. Both the breach took place and Defendant may be found in this judicial District.

7. At all times material hereto, MR. BARBAGALLO has been a resident and citizen of the State of Florida, specifically, Miami Beach, Florida.

8. At all times material hereto, MR. BARBAGALLO was an employee of JS&C, which is a listed Participating Employer of the Trustees of the Finance, Insurance and Real Estate Industry Insurance Trust Fund Plan, Group Plan No.: 295821 (the "Plan"), issued by GUARDIAN, to the Policyholder Trustees of the Finance, Insurance and Real Estate Industry Insurance Trust Fund. The Plan includes the subject Long-Term Disability Income Insurance Policy (the "Policy") according to the Plan.[1]

9. At all times material hereto, MR. BARBAGALLO was a participant, within the meaning of 29 U.S.C. §1002 (7), in the Plan insured by GUARDIAN, who does business in the State of Florida.

10. At all times material hereto, GUARDIAN, was and is the Plan Insurer who issued the Policy and the Plan, has an office location, can be found, and is a resident of the State of New York.

---

[1] Exhibit A was produced by GUARDIAN to Plaintiff during the administrative claims process. While GUARDIAN contends that Exhibit A is a true and correct copy of the Plan, Plaintiff is unaware at this time of whether GUARDIAN's assertion is accurate.

11. At all times material hereto, GUARDIAN was and is a foreign corporation that is authorize to conduct and conducts business by agent or otherwise in all counties in Florida and specifically in Miami-Dade County, Florida.

12. At all times material hereto, GUARDIAN was and is a "fiduciary" of the Plan as that term is defined by 29 U.S.C. § 1002(21).

13. At all times material hereto, GUARDIAN was and is an entity meeting ERISA's definition of a "party in interest" in this case as that term is defined by 29 U.S.C. § 1002(14).

14. At all times material hereto, GUARDIAN pays claims under the Plan from its own general assets, makes the final determination to pay or deny claims under the Plan, and is a for-profit corporation, and as such operates under an inherent financial conflict of interest in administering claims.

15. Prior to filing this present action, MR. BARBAGALLO has fulfilled all conditions precedent, including the exhaustion of administrative remedies and/or the exhaustion of such administrative remedies is excused.

## General Allegations

16. As a participant in the Plan, MR. BARBAGALLO is entitled to receive disability benefits under the Plan if he meets the definition(s) of Disability.

17. The Plan contains the following provisions relevant to a determination of disability:

> Disability means, solely due to an employee's sickness or injury:
> (1) he or she is completely unable to perform the major duties of his or her regular occupation on a full-time basis;
> and

4

(2) the employee's current monthly earnings, if any, are less than 80% of his or her indexed prior monthly earnings.

This plan only covers disability that starts while an employee is insured by this plan.

While an employee is disabled, he or she can engage in: (i) any other occupation full or part-time; (ii) some, but not all, of the major duties of his or her regular occupation full or part-time; or (iii) all of the major duties of his or her regular occupation part-time.

An employee will not be considered disabled under this plan if he or she is not under the regular care or treatment of a doctor.

In no event will the loss of a professional or occupational license, in itself, constitute disability.

Regular occupation means the employee's occupation as performed in the general labor market in the national economy. When determining the duties of an employee's regular occupation we use both the job description provided for an employee by the employer as well as the duties of that occupation as shown in the most recent version of the Dictionary of Occupational Titles, published by the U.S. Department of Labor.

18. The Plan provides MR. BARBAGALLO with long-term disability ("LTD") benefits if he becomes Disabled under the terms of the Plan.

19. MR. BARBAGALLO'S pre-disability occupation was a Stockbroker.

20. In or about April 2001, Mr. Barbagallo became completely unable to perform the major duties of his regular occupation - stockbroker – on a full-time basis due to his physical conditions: extensive degenerative disc disease, including, cervical radiculopathy, cervical myofascial pain, lumbar radiculopathy, lumbar myofascial pain, right hip myofascial pain, and left hip myofascial pain, resulting in chronic, debilitating back pain, neck pain, arm and shoulder pain, hip pain, leg pain, and hand pain, and limitations in his ability to sit, stand, walk, write, and type, for prolonged periods of time, and impairments in cognition.

21. Accordingly, MR. BARBAGALLO timely applied for Long-Term Disability benefits with GUARDIAN under the terms of the Plan. After a thorough evaluation, GUARDIAN determined that MR. BARBAGALLO was completely unable to perform the major duties of his regular occupation - stockbroker – on a full-time basis due to his physical conditions and approved his claim for LTD benefits.

22. Under the terms of the Plan, GUARDIAN required MR. BARBAGALLO to apply for Social Security Disability ("SSDI") benefits with the Social Security Administration ("SSA"), as SSDI benefits are a direct offset to MR. BARBAGALLO's GUARDIAN LTD benefits. In essence, if MR. BARBAGALLO was approved for SSDI benefits, the monthly LTD benefit GUARDIAN pays MR. BARBAGALLO will be reduced by the amount of MR. BARBAGALLO's SSDI benefit, prior to any cost-of-living adjustments.

23. MR. BARBAGALLO complied with GUARDIAN's requirement and applied for SSDI benefits with the SSA.

24. An independent administrative law judge determined that MR. BARBAGALLO was disabled under the SSA criteria since March 4, 2001.

25. According to the SSA, the term "disabled" means the individual is unable to engage "in any substantial gainful occupation," meaning the individual is completely unable to work in any occupation on a regular basis. *See* 42 U.S.C. § 423(d)(1)(A).

26. GUARDIAN began reducing MR. BARBAGALLO's monthly LTD benefit by the amount of MR. BARBAGALLO's SSDI benefit, prior to any cost-of-living adjustments. Further, GUARDIAN asserted that MR. BARBAGALLO's award of retroactive SSDI benefits resulted in an overpayment of his previously paid,

unreduced LTD benefits, and demanded reimbursement. MR. BARBAGALLO complied and reimbursed GUARDIAN as instructed.

27. Since the SSA's approval of MR. BARBAGALLO's SSDI claim, the SSA has continuously reevaluated MR. BARBAGALLO's continued eligibility for SSDI benefits under the SSA criteria and each time has reaffirmed that he is unable to engage in any substantial gainful occupation. MR. BARBAGALLO continues to receive SSDI benefits to date.

28. For almost 21 years following GUARDIAN's initial approval of MR. BARBAGALLO's claim for LTD benefits, GUARDIAN continued to request updated medical information from MR. BARBAGALLO and required MR. BARBAGALLO and his treating specialists to complete ongoing claim forms establishing his disability under the Plan. MR. BARBAGALLO complied with all requests and submitted to GUARDIAN sufficient documentation establishing his continued disability under the Plan.

29. For almost 21 years following GUARDIAN's initial approval of MR. BARBAGALLO's claim, GUARDIAN continued to reevaluate MR. BARBAGALLO's eligibility for LTD benefits and each time reaffirmed that MR. BARBAGALLO was completely unable to perform the major duties of his regular occupation - stockbroker – on a full-time basis due to his physical conditions. Accordingly, GUARDIAN continued to pay MR. BARBAGALLO LTD benefits under the Plan for almost 21 years.

30. On September 28, 2021, GUARDIAN required MR. BARBAGALLO to undergo a Functional Capacity Evaluation ("FCE") performed by a physical therapist hired by GUARDIAN, Anne Holness. The FCE report provides that MR. BARBAGALLO only has the physical capacity to sit and walk on an "occasional" basis.

31. In or about January 2022, GUARDIAN hired MLS National Medical Evaluation Services ("MLS") to obtain a medical records review of MR. BARBAGALLO's medical records. Dr. Akhil Chhatre performed the MLS medical records review and, in a report, dated January 27, 2022, Dr. Chhatre explained that according to the FCE performed by Ms. Holness, MR. BARBAGALLO "demonstrated limited tolerance to sitting, walking, reaching overhead, stair climbing, kneeling and crawling to an occasional basis. He has inability to reach floor level." Dr. Chhatre also explained that MR. BARBAGALLO demonstrated significant signs of consistency and demonstrated moderate observable signs of exertion throughout the evaluation. This, in combination with physiological responses (heart rate and respiratory rate), movement and muscle recruitment patterns both aware and unaware of observation, indicates that the results of this evaluation can be considered to be an accurate representation of Gregg Barbagallo's functional abilities."

32. Despite this, in a letter dated February 23, 2022, GUARDIAN informed MR. BARBAGALLO that was terminating his claim for continued LTD benefits and discontinuing further LTD benefits under the Plan.

33. On August 18, 2022, MR. BARBAGALLO timely submitted to GUARDIAN his administrative appeal of its claim denial and supporting documentation via facsimile and via Federal Express Mail.

34. On August 23, 2022, Guardian received MR. BARBAGALO's administrative appeal.

35. Accordingly, GUARDIAN's deadline to render a claim decision was on or before October 7, 2022, 45 days after receipt of MR. BARBAGALLO's administrative appeal.

36. In a correspondence dated September 6, 2022, received by MR. BARBAGALLO's attorney on September 15, 2022, in an envelope with a U.S. postage stamp dated September 13, 2022, Guardian acknowledged receipt of MR. BARBAGALLO's administrative appeal and stated that: "If in compliance with the Employee Retirement Income Security Act (ERISA) 1974, as amended, we will issue a ruling based on the provisions of the Plan and all the information in file, within 45 days of the date we received this appeal. However, if additional information is needed or an extension of time is required to complete our review of the information requested above, you will be notified of the same in writing."

37. To date, MR. BARBAGALLO has not received written notice of GUARDIAN's claim decision.

38. GUARDIAN failed to send written notice of its claim decision to MR. BARBAGALLO on or before October 7, 2022.

39. On October 18, 2022, MR. BARBAGALLO's attorney received a letter from Guardian dated October 7, 2022, in an envelope with a U.S. postage stamp date of October 15, 2022, stating:

> As part of the reconsideration review, Mr. Barbagallo's medical records were reviewed by our in-house Nurse Case Manager. In order to gain a better understanding of his medical conditions and functionality, Guardian has found it necessary to refer him for an independent medical examination. The purpose of an independent medical exam (IME) is to have a "non-biased" doctor evaluate the injuries and/or symptoms one may have sustained from an accident or illness, determine the extent and severity of one's injuries and/or symptoms, and to "clarify" any complex medical restrictions or limitations one may have. We are currently in the process of having an external vendor schedule this evaluation and you will be provided with more information in the near future.
>
> As previously advised, if in compliance with ERISA we will issue a ruling based on the provisions of the Plan and all the information in the file, within 45 days of the date

we received this appeal. Please note that our 45-day review period expires October 7, 2022. Because the above mentioned evaluation is necessary for this appeal process and will allow us to provide a full and fair review; we are asserting our right to take an additional extension (at least 45 -days if needed) to issue a determination on this matter. This extension will begin on October 8, 2022 and expires on November 21, 2022.

40. As such, 56 days after receipt of MR. BARBAGALLO's administrative appeal and 11 days after its deadline to render a claim decision on MR. BARBAGALLO's administrative appeal, GUARDIAN provided MR. BARBAGALLO notice that it was taking an extension of its appeal decision deadline to obtain a medical examination of MR. BARBAGALLO which is to be scheduled sometime in the future.

41. Likewise, 53 days after receipt of MR. BARBAGALLO's administrative appeal and 8 days after its deadline to render a claim decision on MR. BARBAGALLO's administrative appeal, GUARDIAN placed a U.S. postage stamp on the envelope used to mail its appeal deadline extension notification to MR. BARBAGALLO's attorney.

42. GUARDIAN failed to send a written notification to MR. BARBAGALLO that an extension of its administrative appeal decision deadline was required for special circumstances beyond GUARDIAN's control prior to October 7, 2022.

43. MR. BARBAGALLO did not receive written notice from GUARDIAN that GUARDIAN intended to seek an extension of the 45-day appeal claim decision deadline prior to the expiration of the deadline in violation of 29 CFR § 2560.503-1 (1)(i); (3)(i).

44. Further, not only did GUARDIAN fail to provide MR. BARBAGALLO with a timely notice of its intent to extend the claim decision deadline, but GUARDIAN also failed to set forth a valid "special circumstance" beyond GUARDIAN's control that would justify extending the claim decision deadline in violation of 29 CFR § 2560.503-1 (1)(i); (3)(i).

45. As of the date of the filing of this Complaint, no written decision on MR. BARBAGALLO's administrative appeal has been received from GUARDIAN; accordingly, MR. BARBAGALLO is now deemed to have exhausted his administrative remedies under the Department of Labor Regulations and the Plan terms. *See* 29 CFR § 2560.503-1 (I)(2) (ii).

46. 29 CFR § 2560.503-1 (l) (2) provides that "In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan, except as provided in paragraph (l)(2)(ii) of this section. Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary."

47. As GUARDIAN failed to strictly adhere to all requirements pertaining to the timely issuance of a claim decision in MR. BARBAGALLO's LTD claim, MR. BARBAGALLO's claim for LTD benefits has been deemed denied and Plaintiff has fulfilled all conditions precedent to the filling of this lawsuit.

48. GUARDIAN failed to timely investigate MR. BARBAGALLO's claim and establish and follow reasonable claims procures to ensure a full and fair and timely review of MR. BARBAGALLO's LTD disability benefits claim in violation of 29 CFR § 2560.503-1 (I) (2).

49. MR. BARBAGALLO has been forced to retain the services of the undersigned attorneys to prosecute this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I

### Action to Recover Plan Benefits, Enforce Rights Under the Plan & Clarify Entitlement to Plan Benefits Pursuant to 29 U.S.C. §1132 (a)(1)(B)

50. Plaintiff, MR. BARBAGALLO, hereby incorporates by reference all of the allegations contained in paragraphs 1 through 49 of this Complaint, as if they were specifically recited herein.

51. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes MR. BARBAGALLO to bring a civil action "to recover benefits due to [him] under the terms of his plan, to enforce [his] rights under the terms of the plan, or to clarify [his] rights to future benefits under the terms of the plan.

52. The ERISA Regulations and the terms of the Plan require GUARDIAN to reasonably review MR. BARBAGALLO's claim for benefits and provide him with a full and fair review of his claim.

53. In or about April 2001, MR. BARBAGALLO became eligible for LTD benefits under the terms of the Plan, due to extensive degenerative disc disease, including, cervical radiculopathy, cervical myofascial pain, lumbar radiculopathy, lumbar myofascial pain, right hip myofascial pain, and left hip myofascial pain, resulting in chronic, debilitating back pain, neck pain, arm and shoulder pain, hip pain, leg pain, and hand pain, and limitations in his ability to sit, stand, walk, write, and type, for prolonged periods of time, and impairments in cognition.

54. Since in or about April 2001, through and including the present, MR. BARBAGALLO remained Disabled under the terms of the Plan due to extensive

degenerative disc disease, including, cervical radiculopathy, cervical myofascial pain, lumbar radiculopathy, lumbar myofascial pain, right hip myofascial pain, and left hip myofascial pain, resulting in chronic, debilitating back pain, neck pain, arm and shoulder pain, hip pain, leg pain, and hand pain, and limitations in his ability to sit, stand, walk, write, and type, for prolonged periods of time, and impairments in cognition.

55.     Under the terms of the Plan, if MR. BARBAGALLO is Disabled, GUARDIAN is obligated to pay him LTD benefits for as long as he remains Disabled through his 65th birthday.

56.     MR. BARBAGALLO has provided GUARDIAN with overwhelming and sufficient proof that MR. BARBAGALLO was and remains Disabled under the terms of the Plan since in or about April 2001 through and including the present.

57.     GUARDIAN has in its possession, sufficient proof that MR. BARBAGALLO was and remains Disabled under the terms of the Plan since in or about April 2001 through and including the present.

58.     GUARDIAN has ignored this information and wrongly denied that MR. BARBAGALLO remained Disabled under the terms of the Plan since in or about February 2022 through and including the present.

59.     GUARDIAN wrongly refused to pay MR. BARBAGALLO the LTD benefits owed to him under the Plan since in or about February 2022 through and including the present.

60. MR. BARBAGALLO is entitled to bring this action to enforce his rights under the terms of the Plan, to clarify her rights to future benefits under the terms of the Plan, and to recover benefits due to him under the terms of the Plan.

61. MR. BARBAGALLO has satisfied all conditions precedent under the Plan and is thus eligible to receive benefits due to his physical conditions for he has not waived or otherwise relinquished his entitlement to benefits.

62. GUARDIAN's claim determination is wrong, unreasonable, and tainted by conflict as it is contrary to and in breach of the terms of the Plan, and is based on unfair claims handling including: ignoring relevant evidence, an incomplete review of MR. BARBAGALLO's medical evidence, vocational evidence, and other evidence and information that supports his Disability; and the failure to fully, fairly and timely evaluate MR. BARBAGALLO's LTD claim.

63. GUARDIAN failed to timely investigate MR. BARBAGALLO's claim and establish and follow reasonable claims procures to ensure a full and fair and timely review of MR. BARBAGALLO's LTD benefits claim in violation of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 (I) (2).

64. As a direct result of Defendant's actions and inactions, MR. BARBAGALLO has incurred significant costs and attorney's fees.

65. Accordingly, Plaintiff, MR. BARBAGALLO, is entitled to recover reasonable costs and attorneys' fees incurred, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

WHERFORE, Plaintiff, MR. BARBAGALLO, prays that this Honorable Court grant her the following relief:

1) A declaratory judgment herein declaring:

   a. Plaintiff, MR. BARBAGALLO, is Disabled pursuant to the language and within the meaning of the Plan issued and insured by Defendant, GUARDIAN;

   b. Defendant, GUARDIAN, is obligated to pay Disability benefits to Plaintiff, MR. BARBAGALLO, pursuant to the Plan, for as long as he remains Disabled under the Plan, through his 65th birthday, and shall pay all benefits in arrears due and owing, plus interest thereon;

   c. Plaintiff, MR. BARBAGALLO, shall be entitled to recoup all interest, costs, and attorneys' fees pursuant to 29 U.S.C. §1132(g)(1); and

   d. Plaintiff, MR. BARBAGALLO, may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

2) An award to Plaintiff, MR. BARBAGALLO, for all benefits due him under the terms of the Plan, due and owing at the date of Judgment, plus interest thereon;

3) An award to Plaintiff, MR. BARBAGALLO, of his reasonable costs and attorneys' fees pursuant to 29 U.S.C. §1132(g)(1); and

4) Such other and further relief as this Court may deem just and proper.

Respectfully submitted this 24th day of October, 2022.

> DI LAW GROUP
> Attorneys for Plaintiff
> 3201 W Commercial Blvd
> Suit 227
> Fort Lauderdale, Florida 33309
> Tel: (954) 497-9910

Fax: (954) 989-9999

/s/ Alicia Paulino-Grisham
Alicia Paulino-Grisham
Florida Bar No.: 0676926
E-mail: alicia@dilawgroup.com